# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. COLBERT, | 1:17-cv-00445-DAD-GSA-PC |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AS BARRED BY STATUTE OF LIMITATIONS** |
| v. | **(ECF No. 1.)** |
| JEFFREY A. BEARD, et al., | |
| Defendants. | **THIRTY-DAY DEADLINE TO RESPOND** |

## I. BACKGROUND

John E. Colbert ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On March 29, 2017, Plaintiff filed the Complaint commencing this action, which is now before the court for screening. (ECF No. 1.)

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is a state prisoner presently incarcerated at San Quentin State Prison in San Quentin, California. The events at issue in the Complaint allegedly occurred at Pleasant Valley State Prison (PVSP) in Coalinga, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants Jeffrey A. Beard (Secretary, State of California), Paul D. Brazelton (Warden, PVSP), Edmund Brown (Governor, State of California), Matthew Cate (Former Secretary, State of California), the CDCR, Susan L. Hubbard (Former Director of Division of Adult Operations), Deborah Hysen (Chief Deputy Secretary, Facilities Planning, Construction and Management), Dr. Felix Igninosa (Medical Director, PVSP), J. Clark Kelson (Head of

California Corrections Health Care Services), Tanya Rothchild (Former Chief, Classification Service Unit), Arnold Schwarzenegger (Former Governor, State of California), and Dr. Dwight Winslow (Former Medical Director, CDCR) (collectively, "Defendants").

In brief, Plaintiff alleges that:

Plaintiff is a 62-year-old African [American] male. He was convicted of unlawful driving of a vehicle and possession of .05 grams of cocaine (ran concurrent), and prior convictions enhancements under the Three Strikes Law, and is serving a 25 year to life sentence. (ECF No. 1 at 4-5 ¶IV.) Plaintiff is eligible for release under the Three Judge Court Order under Medical Illness for contracting Valley Fever, being over 60 years old, and Proposition 57. (Id.)

In 2001, Plaintiff was transferred from Avenal State Prison to PVSP. (ECF No. 1 at 5 ¶3.) While at Delano State Prison Reception Center, Plaintiff made medical staff aware of his history of having chronic allergies and Tuberculosis and requested to remain at Delano State Prison mainline. (Id.) Delano and Avenal State Prison disregarded Plaintiff's medical illness and transferred Plaintiff to PVSP. Plaintiff remained at PVSP until August 8, 2012. (Id.)

In 2010, Plaintiff first noticed physical problems. (Id. at 5 ¶5.) He had trouble breathing, joint pain, a rash on his body, and other illnesses. (Id. at 5 ¶4.)

In 2011, Plaintiff was diagnosed with Valley Fever. (Id. at 5 ¶3; also see pp. 62-63, 84, 86.)

In 2012, Plaintiff was transferred to San Quentin State Prison. (Id. at 6 ¶9.)

On December 2, 2014, Plaintiff submitted health care appeal SQ-HC-15039834 at the First Level of review, where it was granted in part. (Id. at 102.)

On March 10, 2015, Plaintiff submitted health care appeal SQ-HC-15039834 at the Second Level of review, where it was granted in part. (Id. at 103.)

On May 8, 2016, Plaintiff submitted health care appeal SQ-HC-15039834 at the Third Level of review, where it was denied. (Id.)

On August 4, 2016, Plaintiff's health care appeal SQ-HC-15039834 was denied at the Third Level of review. (Id. at 108.)

///

Plaintiff brings claims under the Eighth Amendment, the Federal Tort Claims Act, and California's Bane Act. Plaintiff seeks to recover for injuries sustained as a result of decisions by California state officials to deliberately expose him to an infectious disease, coccidioidomycosis, colloquially known as "Valley Fever," by placing Plaintiff in PVSP from 2001 to 2011, where Valley Fever was prevalent when Defendants built the institution on contaminated ground. (Id. at 7 ¶11.) Plaintiff requests monetary damages (including punitive damages), attorney's fees, and costs of suit.

## IV.     Statute of Limitations

In federal court, federal law determines when a claim accrues, and "under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)). In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914. California's two-year statute of limitations for personal injury actions applies to 42 U.S.C. § 1983 claims. See Jones, 393 F.3d at 927. California's statute of limitations for personal injury actions requires that the claim be filed within two years. Cal. Code Civ. Proc., § 335.1.

In actions where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539, 109 S.Ct. 1998, 2000 (1989). Pursuant to California Code of Civil Procedure, § 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

///

Cal. Code Civ. Proc., § 352.1. In addition, under the Prison Litigation Reform Act, an applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process. Civil Rights of Institutionalized Persons Act, § 7(a), 42 U.S.C.A. § 1997e(a).

Although the statute of limitations is an affirmative defense that normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. Franklin v. Murphy, 745 F.2d 1221, 1228-1230 (9th Cir. 1984). See Levald, Inc. v. City of Palm Desert, 988 F.2d 680, 686-87 (9th Cir. 1993). That is the case here – the defense appears complete and obvious from the face of the complaint.

Plaintiff alleges that his rights were violated causing him to contract Valley Fever. Plaintiff asserts that he was diagnosed with Valley Fever in 2011. Plaintiff submits medical records that include a Coccidioidal Serology Report dated November 26, 2010, reporting that Plaintiff "has undergone a coccidioidal infection." Based on these allegations, it appears that the statute of limitations for Plaintiff's injuries began to run sometime in early 2011. Plaintiff did not file this lawsuit until approximately six years later, on March 29, 2017. Even allowing for tolling of the limitations period while Plaintiff exhausted his remedies between December 2, 2014 and August 4, 2016, it appears that Plaintiff did not file this lawsuit before the statute of limitations expired. Therefore, the court finds that on the face of the Complaint, Plaintiff's claims are barred by the statute of limitations.

## V. CONCLUSION AND ORDER

The court finds that on the face of Plaintiff's Complaint for this action, his claims are barred by the statute of limitations. Therefore the court shall issue an order to show cause. Plaintiff is required to file a response to the order within thirty days, showing why this case should not be dismissed as barred by the statute of limitations.

///

///

///

## **ORDER TO SHOW CAUSE**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Within thirty days from the date of service of this order, Plaintiff is required to file a response in writing, showing why this case should not be dismissed as barred by the statute of limitations; and

2. Failure to comply with this order may result in the dismissal of this case.

IT IS SO ORDERED.

   Dated:   **April 3, 2018**          **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE