# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. COLBERT,<br><br>    Plaintiff,<br><br>  v.<br><br>JEFFREY A. BEARD, et al.,<br><br>    Defendants. | 1:17-cv-00445-DAD-GSA-PC<br><br>**ORDER VACATING ORDER TO SHOW CAUSE ISSUED ON APRIL 3, 2018**<br>**(ECF No. 7.)** |

**I. BACKGROUND**

  John E. Colbert ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On March 29, 2017, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

  On April 3, 2018, the court issued an order to show cause, requiring Plaintiff to respond in writing why this case should not be dismissed as barred by the applicable statute of limitations. (ECF No. 7.) On April 20, 2018, Plaintiff filed a response to the order to show cause. (ECF No. 8.)

**II. PLAINTIFF'S RESPONSE**

  Plaintiff argues that this case is not barred by the statute of limitations because he filed this case on March 29, 2016, approximately seven months after the third level of appeals denied his administrative appeal on August 4, 2016, well within the limitations period.

1

Plaintiff also argues that he was not barred from filing a late administrative appeal, because he had several surgeries during the administrative process of his appeal from December 1, 2014 to August 4, 2016, and he is entitled to equitable tolling while he exhausted his administrative remedies.

## III. DISCUSSION

Although the statute of limitations is an affirmative defense that normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. Franklin v. Murphy, 745 F.2d 1221, 1228-1230 (9th Cir. 1984); see Levald, Inc. v. City of Palm Desert, 988 F.2d 680, 686-87 (9th Cir. 1993).

The court issued its order to show cause based on a finding that the statute of limitations defense appeared complete and obvious from the face of Plaintiff's Complaint. Plaintiff now argues that he is entitled to equitable tolling based on his time in surgery during the time he was exhausting his administrative remedies. Entitlement to such equitable tolling is not obvious from the face of the Complaint or the court's records. Therefore, the court shall not *sua sponte* dismiss the Complaint as barred by the statute of limitations, and the order to show cause shall be vacated.

## IV. CONCLUSION

Based on the foregoing IT IS HEREBY ORDERED that:

1. The court's order to show cause, issued on April 3, 2018, is VACATED; and
2. Plaintiff's Complaint shall be screened under 28 U.S.C. § 1915A in due course.

IT IS SO ORDERED.

Dated: **April 25, 2018**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE