**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN E. COLBERT,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>JEFFREY A. BEARD, et al.,<br><br>　　　　　　　　　Defendants. | 1:17-cv-00445-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.　　BACKGROUND**

　　　John E. Colbert ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On March 29, 2017, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

　　　On April 3, 2018, the court screened the Complaint and issued an order to show cause, requiring Plaintiff to respond and show cause why this case should not be dismissed as barred by the applicable statute of limitations. (ECF No. 7.) On April 20, 2018, Plaintiff filed a response

1

to the court's order arguing that he is entitled to equitable tolling of the statute of limitations based on his time in surgery. (ECF No. 8.) On April 25, 2019, the court vacated the order to show cause, finding that based on Plaintiff's argument the statute of limitations defense is not complete and obvious from the face of Plaintiff's Complaint, or the court's records. (ECF No. 9.)

On September 6, 2018, the court screened the Complaint and issued an order dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 11.) On October 9, 2018, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (ECF No. 12.) 28 U.S.C. § 1915A.

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal

conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**III. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff is a state prisoner presently incarcerated at Solano State Prison in Vacaville, California. The events at issue in the First Amended Complaint allegedly occurred at Pleasant Valley State Prison (PVSP) in Coalinga, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants, CDCR, Paul D. Brazelton (Warden, PVSP), Matthew Cate (Former Secretary, State of California), Susan L. Hubbard (Former Director of Division of Adult Operations), Deborah Hysen (Chief Deputy Secretary, Facilities Planning, Construction and Management), and Dr. Dwight Winslow (Former Medical Director, CDCR) (collectively, "Defendants"). Plaintiff's allegations follow.

Plaintiff is an African-American male. While at Delano State Prison Reception Center, Plaintiff made medical staff aware of his history of chronic allergies and Tuberculosis (TB). Plaintiff was transferred to Avenal State Prison while taking TB medication and was subsequently transferred to PVSP where he completed TB treatment in 2001.

In 2010, while at PVSP, Plaintiff contracted the disease known as Valley Fever, or *Coccidioidomycosis (cocci),* and became very ill, with trouble breathing, joint pain, a rash on his body, and other complications. Plaintiff's physical pain was acute, his lungs are permanently compromised, and he will have to take medication for the rest of his life. Physicians have informed Plaintiff that he will likely have long term problems with his lungs and with exerting himself. More than thirty prisoners, and some CDCR employees, have already died from Valley Fever and many more live with serious medical problems from contracting the disease.

In response to the outbreak, Defendants (CDCR) were to develop a plan addressing the epidemic at Avenal State Prison, PVSP, Wasco State Prison, and other prisons with had an outbreak of Valley Fever. The Federal Bureau of Prisons (BOP) also became involved because of an outbreak at the Correctional Institution in Taft in 2003. The BOP sent an email requiring

///

CDCR and its employees to coordinate policy efforts through the Office of the BOP's medical team.

Plaintiff alleges that before Defendants assigned him to PVSP, outside of having bad allergies and TB, he was in good health before being diagnosed with *Coccidioidomycosis*. Plaintiff alleges that each of the Defendants failed (1) to warn Plaintiff adequately of the dangers presented by *cocci*; (2) to provide Plaintiff with a safe and habitable prison when they neglected to implement various preventative measures to protect Plaintiff, who had a heightened risk of developing the disseminated form of the disease, from contracting *cocci*; and (3) to develop and implement an adequate response to the *cocci* epidemic.

Plaintiff alleges that it is undisputed that Defendants are responsible for the day-to-day operations of California prisons and are liable, no matter what, any time they house and incarcerate prisoners at institutions built by CDCR where prisoners contract Valley Fever from contaminated soil.

Plaintiff requests appointment of counsel and economic and non-economic compensatory damages for contracting Valley Fever while incarcerated.

**IV. MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff requests appointment of counsel by the court. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

///

In the present case, the court does not find the required exceptional circumstances. First, as discussed in this order, the court has determined that Plaintiff is unlikely to succeed on the merits. Second, based on the record in this case, Plaintiff is able to adequately articulate his claims, which are not complex. Therefore, Plaintiff's motion for appointment of counsel shall be denied.

## V. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Eleventh Amendment Immunity

To the extent that Plaintiff seeks to hold the CDCR, or any California state prison liable for violation of his constitutional rights, Plaintiff is unable to do so.

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir.1991); see also Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54, 116 S.Ct. 1114 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 113 S.Ct. 684 (1993); Tennessee v. Lane, 541 U.S. 509, 517 (2004). The Eleventh Amendment also bars suits against a state's agencies. See Puerto Rico Aqueduct, 506 U.S. at 144; Brooks, 951 F.2d at 1053; Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989); Beentjes v. Placer Cnty. Air Pollution Control Dist., 397 F.3d 775, 777 (9th Cir. 2005). Thus, the CDCR is entitled to Eleventh Amendment immunity. In addition, California prisons are entitled to Eleventh Amendment immunity. Lopez v. Wasco State Prison, 2008 WL 5381696, at *4 (E.D. Cal. Dec. 22, 2008) (citing Keel v. California Dept. of Corrections and Rehabilation, 2006 WL 1523121, *2 (E.D. Cal. 2006)). See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) ("This jurisdictional bar applies regardless of the nature of the relief sought." Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam) (the Eleventh Amendment bars claim for injunctive relief against Alabama and its Board of Corrections). Thus, defendant CDCR is entitled to Eleventh Amendment immunity and must be dismissed.

Moreover state officials, like states, are entitled to Eleventh Amendment immunity from damages suits for conduct in their official capacities. See Atascadero State Hospital v. Scanlon,

473 U.S. 234, 237–38 (1985). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (citation omitted); see also Hafer v. Melo, 502 U.S. 21, 25 (1991).

Therefore, Plaintiff fails to state any claim against defendant CDCR, or a claim for damages against any of the other Defendants in their official capacities.

### B. Supervisory Liability and Personal Participation

Plaintiff has named defendants who holds supervisory positions. Plaintiff is advised that "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no *respondeat superior* liability under [§] 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676; Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Therefore, to the extent that Plaintiff seeks to impose liability upon any of the defendants in their supervisory capacity, Plaintiff fails to state a claim.

Plaintiff was advised in the court's prior screening order that he "cannot state a claim against any of the Defendants unless he demonstrates in his allegations that each of them, identified by name, personally acted or failed to act, violating Plaintiff's rights." (ECF No. 11 at 11:13-15.) Plaintiff was also advised that he may not attribute liability to a group of defendants but must "set forth specific facts as to each individual defendant's" deprivation of his rights. (Id. at 13:16-17.) Notwithstanding this advisement, Plaintiff again refers to "Defendants" throughout his allegations in the First Amended Complaint as a group without identifying them as individuals or alleging any facts showing that any of the named Defendants personally acted against him. Therefore, Plaintiff fails to state cognizable claims under § 1983 against any of Defendants in their individual capacities.

///

### C. Qualified Immunity

The Ninth Circuit recently held in Hines v. Youseff, 914 F.3d 1218, 1229 (9th Cir. 2019), that prison officials are entitled to qualified immunity on claims under the Eighth Amendment and equal protection claims that they racially discriminated against African-Americans based on inmates contracting Valley Fever after placement in prisons in the Central San Joaquin Valley. Based on these holdings, Plaintiff's claims for monetary relief under the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment should be dismissed. See Mena v. Kernan, No. 1:18-cv-1190 JLT (PC), 2019 WL 448277 at *3 (E.D. Cal. Feb. 5, 2019) (recommending dismissal on screening of plaintiff's Eighth Amendment claim where plaintiff alleged he contracted Valley Fever after transfer to PVSP). Even if Plaintiff were granted leave to amend, any defendant or defendants he could name would be entitled to qualified immunity on Plaintiff's claims for monetary relief.

### D. Injunctive Relief

Besides monetary relief, Plaintiff requests unspecified "non-economic compensatory damages." (ECF No. 12 at 7.) Although Plaintiff does not identify the particular form of injunctive relief that he seeks, he challenges defendants' failure to implement measures to mitigate Valley Fever at PVSP, so his complaint supports the inference that he seeks implementation of certain measures against Valley Fever or some other assurance of safety. See Fed. R. Civ. P. 54(c). Plaintiff also has not specifically identified the claim on which he seeks injunctive relief, but his failure to do so does not warrant disregarding his request for such relief. See Sanchez v. City of Fresno, 914 F. Supp. 2d 1079, 1123 (E.D. Cal. 2012) (reasoning that failure to "tie" prayer for declaratory relief to specific cause of action is common pleading technique that does not justify striking prayer).

However, when an inmate seeks injunctive relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Here, the events at issue occurred when Plaintiff was incarcerated at PVSP, and now he has been transferred to

Solano State Prison. Therefore, Plaintiff's claims for injunctive relief concerning events and conditions at PVSP are moot.

While the Eleventh Amendment does not bar this action to the extent Plaintiff seeks an order preventing certain inmates from future placement at PVSP or any other prison, such relief is not available. Crudup v. Pleasant Valley State Prison, 2:16-cv-2748 MCE DB P, 2019 U.S. Dist. LEXIS 46323, at *7 (E.D. Cal. Mar. 20, 2019). Plaintiff is not entitled to such an order as it relates to him individually, because it is well settled that prisoners have no right to placement in any particular prison. Id. (citing see Olim v. Wakinekona, 461 U.S. 238, 245 (1983)). Plaintiff also may not seek relief on behalf of other inmates because he lacks the representative capacity to file motions and other documents on behalf of other prisoners. Crudup, 2019 U.S. Dist. LEXIS, at *7 (citing see Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself,'" (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)); see also Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue a claim on behalf of others in a representative capacity)).

Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Based on the nature of the claims at issue in this action, which involve past conditions at PVSP, Plaintiff is not entitled to injunctive relief and is therefore confined to seeking money damages for the violations of his federal rights.

### E. No Leave to Amend

The court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130

(9th Cir. 2013). Plaintiff has now filed two complaints and despite ample guidance by the court, has not stated any cognizable claims. Accordingly, the court will recommend that the First Amended Complaint be dismissed, with prejudice, for failure to state a claim.

## VI. CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion for appointment of counsel be denied;
2. The First Amended Complaint be dismissed with prejudice for failure to state a cognizable claim; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) ).

IT IS SO ORDERED.

Dated: **June 28, 2019**      /s/ Gary S. Austin
                   UNITED STATES MAGISTRATE JUDGE